UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 13-116-HRW

JUANITA MEDLEY,                                                    PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this application for disability insurance benefits on July 20, 201, alleging disability beginning on July 25, 2009, due to "nerves" and bipolar disorder (Tr. 207). This application was denied throughout the administrative process

On October 3, 2012, an administrative hearing was conducted by Administrative Law Judge Don Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Martha Gross, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 26, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 10-20).

Plaintiff was 62 years old at the time of the hearing decision. She has a high school education and has previously worked as a school bus driver (Tr. 207-208).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 12).

The ALJ then determined, at Step 2, that Plaintiff suffers from depressive disorder, personality disorder and strain or sprain, which he found to be "severe" within the meaning of the Regulations (Tr. 12-15).

At Step 3, the ALJ found that Plaintiff's impairments, individually or in combination, did not meet or medically equal any of the listed impairments (Tr. 15). In doing so, the ALJ specifically considered listing 12.04 (Tr. 16).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 19) but determined that she has the residual functional capacity ("RFC") to perform a range of medium work (Tr. 17). Specifically, he concluded that Plaintiff can lift and carry twenty-five pounds frequently and fifty pounds occasionally; stand/walk and sit for up to six hours each in an eight-hour workday;

3

never climb ladders, ropes, or scaffolds; avoid exposure to unprotected heights and hazards such as dangerous machinery (Tr. 16). With regard to her mental functioning, she can do entry level work with simple repetitive procedures; requires no rigid production quotas; needs to work in an object focused work environment in which contact with co-workers and supervisors would be casual and infrequent; requires a nonpublic work setting without frequent changes in work routine; and cannot do commercial driving (Tr. 16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19-20).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly weigh certain medical evidence and (2) the ALJ failed to consider whether the combined effect of Plaintiff's impairments would be sufficient to render her disabled.

C.  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly weigh certain medical evidence. Her argument pertains to the opinions of her treating physician, Jackie Maxey, M.D. and consultative examiner, Robert Hoskins, M.D.

With regard to Dr. Maxey, in order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Maxey submitted a Physical RFC Questionnaire indicating that Plaintiff could never lift ten pounds, could sit and stand/walk for less than two hours in an eight-hour workday, would require ten minute breaks to walk around every ten minutes, and was incapable of even low stress jobs (Tr. 663-67). However, Dr. Maxey also wrote that he "reviewed questions with patient – answered as she states" (Tr. 667). As his opinion is based upon Plaintiff's subjective complaints,

6

the ALJ was correct to reject it.

Similarly, Dr. Hoskins reported that Plaintiff seemed feeble and severely limited, he stated that "The main question is the extent of exaggeration or malingering in regard to the patient's behavior in the office." (Tr. 513). Thus, in light of Dr. Hoskins' concerns about Plaintiff's malingering, Plaintiff has not shown that this opinion was entitled to any significant weight.

Moreover, Significantly, Plaintiff has not identified any medical evidence supporting either Dr. Maxey's opinion or Dr. Hoskins' opinion.

The Court finds no error in the ALJ's assessment of the medical evidence.

Plaintiff's second claim of error is that the ALJ failed to consider whether the combined effect of Plaintiff's impairments would be sufficient to render her disabled.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 15). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit

Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 27th day of May, 2014.



Henry R. Wilhoit, Jr., Senior Judge